FILED
SUPERIOR COURT
OF GUAM

2019 SEP 20 AM 10: 10

CLERK OF COURT

By: _____

# IN THE SUPERIOR COURT OF GUAM

CARLINE BELLO BUKIKOSA and BELLA
BELLO MARTINEZ,

              Plaintiffs,

    v.

BENNY BENAVENTE BELLO, JOSEPHINE
BELLO-DUENAS, GEORGE BENAVENTE
BELLO, BELLO ENTERPRISES, BELLO
FAMILY GROUP L.L.C., BELLO
HOSPITALITY GROUP, and DOES IV – XV,

              Defendants.

Case No. CV0408-17

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 24, 2019 for a hearing on a submission by Defendant Benny Bello ("Benny") of a Motion to Dismiss. Benny is represented by Attorney Daniel J. Berman. Defendants George Bello ("George") and Bello Hospitality Group ("Bello Hospitality") are represented by Phillip Torres. Defendants Bello Enterprises and Bello Family Group L.L.C. ("Bello Family LLC") are represented by Attorney Jeffrey A. Cook. Defendant Josephine Bello-Duenas ("Josephine") is represented by Attorney Jon A. Visosky. Plaintiffs Carline Bukikosa ("Carline") and Bella Martinez ("Bella") are represented by Attorney Carlos L. Taitano. After considering the arguments of the parties, and

the applicable law, the Court now issues its Decision and Order denying Defendant Benny Bello's Motion to Dismiss.

## BACKGROUND

On April 26, 2017 Carline and Bella (collectively "the Plaintiffs") filed a Complaint to Compel Distribution of Trust Properties against Benny, Josephine, George, and Does I through V as Defendants. (Complaint, Apr. 26, 2017). Two days later the Plaintiffs filed their Frist Amended Complaint more clearly enumerating the causes of action against the Defendants for Fraud and Aiding and Abetting Fraud. (First Amended Complaint, Apr. 28, 2017).

In March 2018, the Plaintiffs entered into a settlement agreement and release and filed a stipulated judgement in a separate case, Superior Court Case No. CV0937-16. (Decl. Benny Bello at Exhibit A, Apr. 3, 2019); *Bukikosa et al. v. Bello et. al.*, Superior Court Case No. CV0937-16 (Stip. Judg., Mar. 28, 2019). As part of the terms of that settlement, the parties agreed to release all known and unknown claims against each other, except those already averred or substantially re-pled subsequent to the agreement in the present case. *Id.* Thereafter, the Plaintiffs filed a Motion for Leave to file a Second Amended Complaint. (Mem. P. & A. Mot. Leave to file Second Amended Complaint., Jun. 26, 2018). Defendants Benny and George filed a non-opposition to the Motion for Leave. (Non-opposition to Mot. for Leave, Jul. 26, 2018). The Court granted the Plaintiffs motion and the plaintiffs subsequently filed a Second Amended Complaint. (Minute Entry, Aug. 20, 2018); (Second Amended Complaint, Aug. 21, 2018).

On April 3, 2019 Defendant Benny Bello filed a Motion to Dismiss the Second Amended Complaint (Def. Benny Benavente Bello's Mot. Dismiss, Apr. 3, 2019) (hereinafter "Mot. Dismiss"). Each of the other Defendants filed a joinder to Benny's motion. (Josephine's

Joinder in Benny's Mot., Apr. 22, 2019); (Bello Enterprises and Bello Family LLC joinder in Benny's Mot., Apr. 22, 2019); (George and Bello Hospitality's Joinder in Benny's Mot., Apr. 25, 2019). Plaintiffs filed an opposition to the motion to dismiss to which Benny replied. (Mem. P & A. in Opposition to Mot. Dismiss, May 1, 2019) (hereinafter "Plaintiffs' Opposition"); (Def. Benny Bello's Reply Mem., May 15, 2019). On June 24, 2019 the Court held a hearing on the motion and subsequently took the matter under advisement. (Minute Entry, Jun. 24, 2019).

## DISCUSSION

### A. Count I of the Complaint has been sufficiently pled.

Benny moves for the Court to dismiss Count I of the Second Amended Complaint under Guam Rules of Civil Procedure ("GRCP") 12(b)(6) and 9(b). Guam law permits a party to move for dismissal for failure to state a claim for which relief can be granted. GRCP 12(b)(6). In deciding such a motion, a court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Finance. Corp.*, 2008 Guam 12 ¶ 9. "Dismissal for failure to state a claim is appropriate only 'if it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*

Generally, fraud claims are subject to heightened pleading standards under GRCP 9(b). *See Ukau v. Wang*, 2016 Guam 26 ¶ 35. Rule 9(b) provides that "the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." GRCP(9)(b). However, "Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage." *Ukau*, 2016 Guam 26 ¶ 47. Instead, "what is required is that a plaintiff set forth his claim with sufficient

detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* This is colloquially referred to as the "who, what, where, and how" requirement. *Id.*

However, when the Plaintiff alleges a claim of constructive fraud where the element of scienter is not implicated, the Plaintiff is not required to meet the heightened standards of Rule 9(b) and instead must only meet Guam's liberal pleading standard under Rule 8(a). *See id.* ¶¶ 40-44. Under Rule 8(a) a pleading must state only: 1) a short plain statement of the court's jurisdiction; 2) a short plain statement showing that the pleader is entitled to relief; and, 3) a demand for the relief sought. GRCP 8(a).

After reviewing the Second Amended Complaint, the Court believes that the Plaintiffs, although they do not state the statute in their pleading, are sufficiently alleging a claim of constructive fraud under 19 GCA § 65207. Under Guam law, a trustee commits a fraud against the beneficiary of a trust when he performs any action adverse to the beneficiary as enumerated in Sections 65201-65206. 19 GCA §§ 65201-65207. None of the Sections outlining the actions that constitute fraud on a beneficiary requires that the trustee have the intent to defraud as an element. *See* 19 GCA §§ 65201-65206. Instead, it is enough to establish a claim of fraud to demonstrate that the trustee has acted against the beneficiary's interest regarding the trust, generally to the trustee's own benefit or by abusing the trustee's position over the trust. *See id.* Because scienter is not an element that must be proven to establish a claim under 19 GCA § 65207, the Plaintiffs are not required to meet the heightened pleading standard under Rule 9(b) and must only meet the general pleading standard under 8(a). *See Ukau*, 2016 Guam 26 ¶¶ 40-44.

Turning to the pleading, we find that the Plaintiffs have more than met the standard under Rule 8(a). The Second Amended Complaint begins with a statement of the court's

jurisdiction under 7 GCA § 3105. (Second Amended Complaint at 1). Count I then begins by stating that Jose and Dolores Bello established a trust, the "Bello Family Trust[1]," and served as trustee until their deaths. *Id.* at 3-4. Subsequently, the Bello siblings: Carline, Bella, Benny, Josephine, and George accepted appointments as co-trustees of the trust. *Id.* The Complaint also alleges that each sibling, as co-trustees, owed a fiduciary duty of good faith and loyalty to each other sibling as beneficiaries of the trust. *Id.* at 4. On the first and fifth anniversary of Delores' passing, the co-trustees were allegedly required to distribute one-third and one-half of the properties of the trust to beneficiaries with respect to whom such a trust was established. *Id.* at 7. Since Delores' passing, each of the properties is alleged to have been practicable to distribute. *Id.* The Plaintiffs then allege that Benny, Josephine, and George, against Carline and Bella's wishes, performed actions adverse to Carline and Bella's interest as beneficiaries of the trust, potentially to the Defendant sibling's own profit. Specifically, the Plaintiffs contend that a number of lease agreements dated from 2014 to July 2017 entered into by the Defendant siblings have encumbered properties which should have been distributed to the Plaintiffs, in direct breach of the fiduciary duty owed to the Plaintiffs by the Defendant siblings. *Id.* at 10-11 ¶¶24-26 (Paragraph 25 outlines the specific leases stated the date the agreements were entered, the other parties involved and the property encumbered.). Count I ends by stating that because of the Defendant's actions, Carline and Bella were damaged in the amount of at least ten thousand dollars ($10,000.00). *Id.* at 11.

Plaintiffs, in their pleadings, have gone beyond requirement of a simple and plain statement under Rule 8(a) and have expressly enumerated the alleged fraudulent transactions

---

[1] It appears to the Court based on the pleading that the Bello Family Trust is comprised of five trusts with each of the Bello siblings as a beneficiary to a specific trust, but that the siblings have control and agency over each individual trust in addition to being beneficiary of one. (*See* Second Amended Complaint at 3-8).

which gives rise to the Defendants' liability for fraudulent breach of fiduciary duty under 19 GCA §65207. Even if the heightened pleading standard under Rule 9(b) were required, the Court believes the Plaintiffs have plead violations of 19 GCA §§ 65201-206 with enough detail to put the Defendants on notice of which actions the Defendants' have performed—the encumbrance of properties which should have been distributed to the Plaintiffs—such that the Defendants have sufficient notice of the fraudulent actions they must defend against. *Ukau,* 2016 Guam 26 ¶ 47. Therefore, under either pleading standard the Plaintiffs have sufficiently pled their claim of fraud as to Count I of the Complaint. Accordingly, the Court will deny Defendant Benny's Motion to Dismiss as to Count I of the Complaint.

**B. The parties' settlement in CV0937-16 does not bar the claims against Bello Family LLC and Bello Enterprises in this matter.**

The Defendants next assert that Second Amended Complaint should be dismissed against Bello Enterprises, Bello Hospitality, and Bello Family LLC (collectively "Corporate Defendants"), because the claims against them have been released via settlement agreement, which was incorporated by reference in a stipulated judgment in Superior Court Case No. CV0937-16. (Mot. Dismiss at 13-14). Plaintiffs argue that their claims against these Defendants should remain, as they were previously properly plead as fictitious defendants under 7 GCA § 15801 and properly re-plead as defendants subsequent to the settlement agreement. (Plaintiffs' Opposition at 6-8).

Because Defendant Benny has presented to the Court, and the Court has considered "matters outside the pleadings," that is, the stipulated judgment and settlement agreement, the Court must treat his alleged Rule 12(b)(6) Motion for Dismissal as a Rule 56 Motion for Summary Judgment. *Core Tech Intern. Corp. v. Hanil Engineering & Cons. Co., Ltd.,* 2010 Guam 13 ¶ 29. (citing *Newby v. Gov't of Guam,* 2010 Guam 4 ¶ 18. Under GRCP 56, a court

may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that the moving party is entitled to a judgment as a matter of law. *Izuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7; *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8. The movant bears the burden of demonstrating that there are no genuine issues of material fact. *See Izuka Corp.*, 1997 Guam 10 ¶ 8. A genuine issue is exists if there is significant evidence establishing a factual dispute which must be resolved by a fact finder. *Id.* A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Id.* Disputes over irrelevant or immaterial facts does not preclude a grant of summary judgment. *Id.* Summary judgment in a contractual dispute is proper where an agreement's provisions are unambiguous or where evidence presented regarding its meaning is sufficiently one-sided that a reasonable person could not conclude to the contrary. *Hawaiian Rock Products Corp. v. Ocean Housing, Inc.*, 2016 Guam 4 ¶ 35 (citing *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 30. Guam law interprets settlement agreements between parties as if they were contracts. *Blas v. Cruz*, 2009 Guam 12 ¶ 11 (citing *Leon Guerrero v. Moylan*, 2000 Guam 28 ¶¶ 8-9).

On March 28, 2018 the Honorable Michael J. Bordallo approved a stipulated judgment between Carline and Bella, as plaintiffs, and Benny, Josephine, George, Bello Enterprises, Bello Family LLC, and Joe Sicad, as defendants. The relevant provisions of the stipulated judgment state:

> 11. Any other claims of the parties are addressed in the parties' Settlement Agreement and Release of Claims ("Release") in the possession of the parties. Upon fulfillment and completion of the Stipulated Judgement matters, the parties shall file a Satisfaction of Judgment. All other claims asserted by the parties in the matter are dismissed with prejudice.

12. Notwithstanding any other term, condition, or other provision of this eight (8) page Stipulated Judgment or other instrument related hereto that is or might be to the contrary, any or all of the terms, condition, or other provisions of this Stipulated Judgement shall not have any *res judicata* or collateral estoppels effect whatsoever upon (and, therefore, neither *res judicata* nor collateral estoppels shall be pled), and shall not affect in any manner whatsoever, or are without any prejudice whatsoever to, any cause of action, claim, or defense, **which is actually averred in any pleading actually filed prior, or substantially re-pled subsequent, to the date of this Stipulated Judgment, of any of the parties in** *Bukikosa v. Bello*, **Superior Court of Guam Civil Case No. CV0408-17.**

*Bukikosa et al.*, Superior Court Case No. CV0937-16 (Stip. Judg. at 6) (bolded emphasis added, italicized text in the original). The portions of the Settlement Agreement that are referenced by paragraph eleven of the stipulated judgment state:

2. Scope of Release. This release shall apply to all claims arising out of, or relating to directly or indirectly to, the Operation of [Bello Enterprises and Bello Family LLC] and [CV0937-16].

3. Nature of Claims Released. Each party, upon compliance with all the terms and conditions of this Release, and subject to the terms and conditions of the settlement set forth in this Release, releases, acquits and forever discharges all the other parties, and their respective heirs, successors, assigns, directors, representative, officers, agents, employees, subsidiaries, affiliates, parent corporations, associates, attorneys and insurers, and further **releases and discharges any and all persons or entities against which each party has or might have from all claims, demands, obligations, losses, causes of action, damages, penalties, costs, expenses, attorney's fees, liabilities, and indemnities of any nature whatsoever** (collectively "Claims") whether based on contract, **tort, statute,** or other legal or equitable theories of recovery, **whether known or unknown, contingent or uncertain,** which, as of the effective date of this Release, which each party has, or claims to have against the other parties, arising out of, or traceable either directly or indirectly to, the Operation of [Bello Enterprises and Bello Family LLC] or [CV0937-16].

4. Release of Unknown Claims. This Release **applies to all claims** for injuries damages, or losses to or claimable by each party (**whether those injuries, damages, or losses are known or unknown, foreseen or unforeseen, or patent or latent**) that each party may have against another party, and **each party expressly waives the provisions of 18 GCA § 82602** . . .

Each party understands even if the party should eventually suffer additional damages arising out of the facts and claims referred to in this Release, that party

will not be able to make any claim for damages against the other parties. Further each party intends these consequences as to claims for damages that may exist as of the date of this Release, but which he does not know exists, and which, if known, would materially affect his decision to execute this Release, regardless of whether this lack of knowledge is the result of ignorance, oversight, error, negligence, or any other cause.

(Decl. Benny Bello, Exhibit A at 1-2, Apr. 3, 2019) (emphasis added). All parties agree that they entered willingly and knowingly into this settlement agreement and stipulated judgment, and that agreement is evidenced by the signatures of their counsel on the stipulated judgement lodged with the court in CV0937-16. (Joint Decl. Carline Bello Bukikosa & Bella Bello Martinez at 2 ¶ 3); (*see e.g.* Mot. Dismiss at 2); *Bukikosa et al.,* Superior Court Case No. CV0937-16 (Stip. Judg. at 7-8). As such, the parties do not dispute the existence of the settlement agreement and each parties' entry into the agreement as a matter of fact, which means the Court must only determine as a matter of law whether the settlement agreement bars the causes of action against the Corporate Defendants.

On its face, the plain language of the settlement is clear, each of the parties in CV0937-16 agreed to release all known and unknown claims against the other parties with the exception of any claims previously averred or re-pled in the current matter before this Court: CV0408-17. *Bukikosa et al.,* Superior Court Case No. CV0937-16 (Stip. Judg. at 7-8, Mar. 28, 2019); (Decl. Benny Bello, Exhibit A at 1-2). Accordingly, the Court must grant summary judgment in favor of the defendants for any claims that have not been previously averred before or substantially re-pled subsequent to March 28, 2019—the date the stipulated judgment was entered.[2] *Hawaiian Rock Products Corp.,* 2015 Guam 8 ¶ 30; *Blas v. Cruz,* 2009 Guam 12 ¶ 11.

_____

[2] As a matter of law the Court cannot grant summary judgment in favor of Bello Hospitality with regard to the parties' settlement agreement. Bello Hospitality was neither a party in CV0937-16 nor was it named in the agreement or signed the stipulated judgment. (Decl. Benny Bello, Exhibit A); *Bukikosa et al.,* Superior Court Case No. CV0937-16 (Stip. Judg. at 7-8). Accordingly, the terms of the settlement agreement do not affect claims against or held by Bello Hospitality.

The Plaintiffs assert that Counts I and II against Bello Enterprises and Bello Family LLC should remain as having been previous averred in the First Amended Complaint as Does I and II and subsequently substantially re-pled as named defendants in the Second Amended Complaint pursuant to 7 GCA § 15801. (*See* Plaintiff's Opposition at 4-8). The Court agrees.

Title 7 Section 15801 of the Guam Code, which was adopted from California Code of Civil Procedure § 474, permits a plaintiff who is ignorant of a defendant's name to sue that defendant under a fictitious name until such time as the plaintiff can discover that defendant's identity and subsequently amend the pleadings to include that defendant. 7 GCA § 15801. This ignorance must be genuine and in good faith, not feigned. *General Motors Corp. v. Superior Ct.*, 55 Cal.Rptr.2d 871, 880 (Cal. App. 1996). A plaintiff who knows a defendant's actual identity is still "ignorant" with the meaning of the fictitious name statute if he lacks knowledge of that person's connection with the case or with his injuries. *Id.* at 879. The fact that the plaintiff had the means to obtain knowledge is irrelevant. *Id.* (citing *Garret v. Crown Coach Corp.*, 66 Cal. Rptr. 590 (1968)). California courts interpret Section 474, which was adopted by Guam as 7 GCA § 15801, liberally in favor of plaintiffs. *Id.*

In the present matter there is no question that the Plaintiff knew the actual names of the Defendants Bello enterprises and Bello Family LLC at the time of filing the Complaint. *See Bukikosa et al.*, CV0937-16 (Verified Complaint at 4, October 27, 2016) (stating that Carline and Bella are minority shareholders in Bello Enterprises and Bello Family LLC). However, a plaintiff's knowledge of a defendant's name is not enough to find that the defendant was not ignorant under the fictitious name statute. *General Motors Corp. v. Superior Ct.*, 55 Cal.Rptr.2d at 879. It appears from the filings in the record that the Plaintiffs were unaware of facts establishing Bello Enterprises and Bello Family LLC's liability until sometime after the

Plaintiffs filed their First Amended Complaint. (Mem. P. & A. Plaintiffs Mot. or Leave to Amend First Amended Complaint at 2); (stating new facts have been discovered and seeking leave to add Bello Enterprises, Bello Family LLC, and Bello Hospitality as Defendants in place of Does I-III). Defendant Bello, ironically, filed a non-opposition to the Plaintiffs' motion seeking leave to add the Corporate Defendants under 7 GCA § 15801, despite now asserting the exact opposite position. (Non-opposition to Mot. Leave to Amend First Amended Complaint). Accordingly, this Court finds that the Plaintiffs were "ignorant" within the meaning of Section 15801, and were allowed to re-plead Does I-III as the Defendants Bello Enterprises, Bello Family LLC, and Bello Hospitality in the Second Amended Complaint.

Because Does I and II were actually averred prior to the parties settlement agreement in CV0937-16, and Defendants Bello Enterprises and Bello Family LLC were substantially re-pled subsequent to the agreement, the Court holds as a matter of law that the claims against Defendant's Bello Enterprises and Bello Family LLC are not barred by the settlement agreement and stipulated judgment in CV0937-16. Claims against Bello Hospitality, who was not a party to the settlement agreement, are not barred, and the Plaintiffs have properly re-pled Bello Hospitality pursuant to 7 GCA § 15801. Therefore, the Defendant's converted motion for summary judgment is denied as to the Corporate Defendants.

**C. Count II of the Complaint is sufficiently pled.**

Finally, the Court considers whether Count II of aiding and abetting fraud has been properly pled in the Second Amended Complaint. As stated above, the heightened pleading standards of GRCP 9(b) only apply to "circumstances constituting fraud or mistake." GRCP 9(b). However, when the Plaintiff alleges a claim of constructive fraud where the element of scienter is not implicated, the Plaintiff is not required to meet the heightened standards of Rule

9(b) and instead must only meet Guam's liberal pleading standard under Rule 8(a). *See Ukau*, 2016 Guam 26 ¶¶ 40-44.

As explained above, the claim of fraud the Plaintiffs allege in Count I does not require an element of scienter, and is, therefore, not subject to heightened pleading standards. *Supra*, Part A. Similarly, the claim of Count II, aiding and abetting the fraud, only adds the additional element of aiding the actual perpetrators of that constructive fraud. As a result, the Court believes that where a claim of constructive fraud does not require an element of scienter and is not subject to heightened pleading standards under GRCP 9(b), any aiding and abetting claims that arise out of other parties' assistance in that constructive fraud similarly do not require an element of scienter. As a result, those aiding and abetting claims are only subject to the liberal pleading rules under GRCP 8(a). *See Ukau*, 2016 Guam 26 ¶¶ 40-44. Under Rule 8(a) a pleading must state only: 1) a short plain statement of the court's jurisdiction; 2) a short plain statement showing that the pleader is entitled to relief; and, 3) a demand for the relief sought. GRCP 8(a).

Count II of the Second Amended Complaint begins by alleging the same facts as in Count I. (Second Amended Complaint at 12. It next asserts that Defendants Bello Enterprises, Bello LLC, and Bello Hospitality, or Does IV through X, were aware of the fiduciary duty Benny, Josephine, and George owed to the Plaintiffs. *Id.* The Complaint then alleges that the Corporate Defendants aided, abetted, or otherwise participated in Benny, Josephine, and George's fraudulent activities to the detriment of the Plaintiffs. *Id.* at 12-13. Last, the Plaintiffs contend that as a result of the actions of Bello Enterprises, Bello LLC, and Bello Hospitality, the Plaintiffs were damaged in the amount of at least ten thousand dollars ($10,000.00). *Id.* at 13.

After reviewing the pleadings for Count II, the court is satisfied that the Plaintiffs have met the pleading requirements under GRCP 8(a). Accordingly, the Court will deny Defendant Benny's Motion to Dismiss as to Count II of the Complaint.

In summation the Court finds that Counts I and II of the Second Amended Complaint have been sufficiently pled. In addition, the Court holds that the claims against the Corporate Defendants are not barred by the parties' settlement agreement and the stipulated judgement in Superior Court Case No. CV0937-16 and that the Corporate Defendants have been properly added pursuant to 7 GCA § 15801. Having disposed of all of the Defendant's arguments, the Court will deny Defendant Benny Bello's Motion to Dismiss.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Defendant Benny Bello's Motion to Dismiss.

**IT IS SO ORDERED** this 20th day of September, 2019.



_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

CE VIA COURT BOX
dge that a copy of the
reto was placed in the
f:

TAITANO, VISSKY
COOK, TORRES
9/20/19    11n
Mngr
Deputy Clerk, Superior Court of Guam

CE VIA COURT BOX
dge that a copy of the
reto was placed in the
f:

BERMAN
9/20/19   Time: 11An
Mngr
Deputy Clerk, Superior Court of Guam